UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE ROACH,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

U.S. District Court No: _____

Hon. _____
Magistrate Judge _____

Removed from
Third Circuit Court
Case No. 19-002372-CD

_____/

| | |
|---|---|
| GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.<br>By: David F. Greco (P53523)<br>Attorneys for Plaintiff<br>30500 Northwestern Highway<br>Suite 425<br>Farmington Hills, MI  48334<br>(248) 865-0001<br>dgreco@gmgmklaw.com | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.<br>By: Elizabeth Hardy (P37426)<br>    Sonja L. Lengnick (P67101)<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>slengnick@khvpf.com |

_____/

## NOTICE OF REMOVAL

Defendant Ford Motor Company (hereinafter "Defendant" or "Ford"), by its undersigned counsel Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., removes this action from the Third Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division.

In support of its Notice of Removal, Ford states:

1. On February 19, 2019, Plaintiff commenced this action in Michigan's Third Circuit Court by filing a Complaint entitled *Terrence Roach v. Ford Motor Company,* docketed as case number 19-002372-CD.

2. Plaintiff served a Summons and a copy of the Complaint on Ford via certified mail, which was received on February 22, 2019. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely, because it is filed within 30 days of Ford's acceptance of service.

3. The Summons and Complaint that are attached hereto as Exhibit A constitute all process, pleadings, and orders in this action to date.

4. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Count I of the Complaint alleges disability discrimination in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Count III of the Complaint pleads claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, both of which arise under federal law.

5. Plaintiff's Complaint also pleads state law causes of action under Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*, and Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.* This Court has pendent or supplemental jurisdiction over the state law claims because the state law claims

derive from a common nucleus of operative facts. *See* 28 U.S.C. § 1367; 28 U.S.C. § 1441(C); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

6. A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Clerk of the Third Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies will be served on Plaintiff as verified by the attached proof of service.

7. Ford is entitled to, and hereby does, remove this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

                KIENBAUM HARDY VIVIANO
                PELTON & FORREST, P.L.C.

                By: */s/ Sonja Lengnick*
                    Elizabeth Hardy (P37426)
                    Sonja L. Lengnick (P67101)
                Attorneys for Defendant
                280 N. Old Woodward Ave., Suite 400
                Birmingham, Michigan 48009
                (248) 645-0000
                ehardy@khvpf.com
                slengnick@khvpf.com

Dated: March 22, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and served by electronic filing with the Wayne County Circuit Court's ECF system and via email and U.S. Mail upon:

David F. Greco
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334

/s/Sonja Lengnick
280 North Old Woodward Ave
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
Email: slengnick@khvpf.com
(P67101)

323719

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>19-002372-CD<br>Hon. John H. Gillis, Jr. |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s)<br>Roach, Terrence | v | Defendant's name(s), address(es), and telephone no(s).<br>Ford Motor Company |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no
David F. Greco 53523
30500 Northwestern Hwy Ste 425
Farmington Hills, MI 48334-3164

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/19/2019 | Expiration date*<br>5/21/2019 | Court clerk<br>Tashia Marshall |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)     SUMMONS            MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



**SUMMONS**
Case No.: **19-002372-CD**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   OR   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date
My commission expires: _____ Signature: _____
                       Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments
_____ on _____
                              Day, date, time
_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TERRENCE ROACH,

    Plaintiff,

vs.

Case No. 2019-    -CD

Honorable

FORD MOTOR COMPANY,

    Defendant.
_____/

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.
By: David F. Greco (P53523)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgreco@gmgmklaw.com
_____/

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint.*

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, TERRANCE ROACH, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for his Complaint against the above-named Defendant, states as follows:

### PARTIES

1. Plaintiff, TERRANCE ROACH, is an individual residing in the City of Belleville, Wayne County, Michigan.

2. Defendant, FORD MOTOR COMPANY (hereinafter "FORD"), is a Michigan corporation, with its principal place of business in the City of Dearborn, Wayne County, Michigan.

## JURISDICTION AND VENUE

3. The amount in controversy in this civil action is in excess of $25,000, and jurisdiction is proper in this judicial circuit pursuant to MCL 600.601.

4. Venue is proper in this judicial circuit pursuant to MCL 600.1621.

## GENERAL ALLEGATIONS

5. Plaintiff became employed with Defendant, FORD, on or about January 1, 2006.

6. His last position of employment was as a Process Coach for Defendant, FORD, at the Dearborn Truck Plant.

7. Defendant, FORD, was aware of medical conditions/disabilities that Plaintiff was diagnosed with and suffered from for approximately the last six years of his employment.

8. As a result of those medical conditions, Plaintiff requested and was approved for a leave of absence to deal with his medical conditions.

9. In August 2017 Plaintiff became sick and was diagnosed with a condition/disability that made it necessary for him to be on medical leave for approximately two weeks.

10. When Plaintiff returned to work following his leave of absence in August 2017, he was unfairly and unjustly disciplined for an incident that allegedly occurred four months earlier.

11. In or around the first week of January 2018, prior to starting a new shift, he had been informed by one of prior shift supervisors that two additional employees were pre-authorized to work on his shift so Plaintiff permitted it.

12. In or around the second week of January 2018, Plaintiff was questioned at work regarding the authorization of certain employees to work on one of his shifts during the first week of January 2018.

2

13. The following week Plaintiff suffered from another medical issue (as a result of pre-existing medical conditions/disability) and was again off work for approximately one week.

14. Approximately two weeks after returning from that leave of absence, Plaintiff was unfairly and unjustly terminated from his employment.

15. On or about June 1, 2018, Plaintiff filed a Charge of Discrimination with Equal Employment Opportunity Commission (EEOC).

16. By way of a notice dated November 21, 2018, Plaintiff obtained his Notice of Right to Sue letter from the EEOC. This action is being commenced within 90 days of such Notice of Right to Sue letter.

### COUNT I
### VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT

17. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

18. At all times relevant herein, Plaintiff was an "employee" and Defendant was an "employer" under the Americans with Disabilities Act, 42 USC §12101, et seq. ("ADA").

19. At all times relevant herein, Plaintiff was a "qualified" person with a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the ADA.

20. Defendant had a duty under the ADA not to discharge or otherwise discriminate against Plaintiff in his employment on account of such disability, perceived disability and/or history of disability.

21. Plaintiff's disability did not affect his ability to perform the essential functions of his particular job with or without reasonable accommodation.

3

22. Defendant violated Plaintiff's rights under the ADA because of his disability, perceived disability, and/or history of disability by, including, but not limited to the following:

   a. Retaliating against Plaintiff;
   b. Unfairly and unjustly disciplining Plaintiff;
   c. Refusing to allow Plaintiff to return to or continue with his active employment;
   d. Terminating Plaintiff's employment;
   e. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive him of employment opportunities or otherwise adversely affected Plaintiff's status.
   f. Otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of employment.

23. Defendant's violation was with malice or with reckless indifference to Plaintiff's federally protected rights.

24. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, cost, and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT II**
**VIOLATION OF THE**
**PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

25. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

26. At all times relevant herein, Plaintiff was an "employee" and Defendant was an "employer" under Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 *et seq.*

27. At all times relevant herein, Plaintiff suffered a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the PWDCRA.

28. Defendant had a duty under the PWDCRA not to discharge or otherwise discriminate against Plaintiff in his employment on account of such disability, perceived disability and/or history of disability.

29. Plaintiff's disability did not affect his ability to perform the essential functions of his particular job with or without reasonable accommodation.

30. Defendant violated Plaintiff's rights under the PWDCRA because of his disability, perceived disability, and/or history of disability by, including but not limited to:

   a. Retaliating against Plaintiff;

   b. Unfairly and unjustly disciplining Plaintiff;

   c. Refusing to allow Plaintiff to return to or continue with his active employment;

   d. Terminating Plaintiff's employment;

   e. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive him of employment opportunities or otherwise adversely affected Plaintiff's status.

   f. Otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of employment.

31. As a direct and proximate result of Defendants' violation of the PWDCRA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, cost, and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT III**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

32. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

33. At all times relevant herein, Plaintiff was an "employee" and Defendant was an "employer" under the Family and Medical Leave Act, 29 USC §2611, et seq. ("FMLA").

34. Defendant had a duty under the FMLA not to discriminate or retaliate against Plaintiff because of his exercise of rights under the FMLA.

35. Defendant violated Plaintiff's rights under the FMLA by, including, but not limited to the following:

   a. Retaliating against Plaintiff;

   b. Unfairly and unjustly disciplining Plaintiff;

   c. Refusing to allow Plaintiff to return to or continue with his active employment;

   d. Terminating Plaintiff's employment;

   e. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive him of employment opportunities or otherwise adversely affected Plaintiff's status.

   f. Otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of employment.

36. Defendant's violation was willful.

6

37. As a direct and proximate result of such violations of Plaintiff's rights by Defendant, Plaintiff has suffered damages, including but not limited to, the loss of past and future income and employee benefits, mental anxiety, and emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, cost, and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

## COUNT IV
## ELLIOTT-LARSEN CIVIL RIGHTS ACT – WEIGHT DISCRIMINATION

38. Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

39. Plaintiff is a "person" or "individual," and Defendant was an "employer" and a "person" within the meaning of the Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, et seq.

40. At all relevant times, Defendants had a duty under the ELCRA not to discharge or otherwise discriminate against Plaintiff because of his weight.

41. Defendant violated Plaintiff's rights under the ELCRA by, including but not limited to, the following:

   a. Terminating Plaintiff's employment because of his weight.

   b. Unfairly and unjustly disciplining Plaintiff;

   c. Denying Plaintiff employment opportunities because of his weight.

   d. Treating Plaintiff differently than similarly situated employees because of his weight.

   e. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment.

  f.  Otherwise discriminating against and disparately treating Plaintiff on the basis of his weight with respect to the terms, conditions, and privileges of his employment.

42. As a direct and proximate result of such violations of Plaintiff's rights by Defendant, Plaintiff has suffered damages, including but not limited to, the loss of past and future income and employee benefits, mental anxiety, and emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, cost, and reasonable attorney fees.

## DEMAND FOR TRIAL BY JURY

Respectfully submitted,

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN P.C.

BY: */s/: DAVID F. GRECO (P53523)*
   Attorneys for Plaintiff
   30500 Northwestern Highway, Suite 425
   Farmington Hills, MI 48334
   (248) 865-0001
   Dgreco@gmgmklaw.com

Dated: February 18, 2019

8